ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BIBBY FINANCIAL | ) | |
| SERVICES (CA), INC., | ) | CASE NO. 5:05CV01494 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| PHIL GARDNER, individually d/b/a, | ) | |
| PHIL GARDNER WHOLESALE | ) | |
| FURNITURE, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Court's Order on October 31, 2005, Plaintiff Bibby Financial Services (CA), Inc. has filed a motion for attorney fees, interest, and costs.  (Docket No. 23).  Defendant Phil Gardner, individually d/b/a Phil Gardner Wholesale Furniture, has filed a response. (Docket No. 24).

In support of its motion, plaintiff offers the billing sheets from Florida counsel and local counsel, along with the affidavits of attorneys Laurie R. Thompson of the Florida law firm of Ullman & Ullman, and Monique B. Lampke of the Ohio law firm of Porter, Wright, Morris & Arthur, LLP.  Plaintiff also provides phone records, a buyout calculation report, and a factoring system report.  Plaintiff maintains that these records demonstrate that it is entitled to $23,782.88 in fees and costs, and $69,208.74 in prejudgment interest.  Defendant challenges both amounts. The Court now awards attorney fees, costs, and interest as set forth below.

### A.    ATTORNEY FEES AND COSTS

"An award of attorney fees is to be a reasonable amount determined by the trial court upon presentation of sworn evidence." *Pyle v. Pyle*, 11 Ohio App.3d 31 (Ohio Ct. App., Cuyahoga County 1983).  *See Madorsky Co. LPA v. Nolan*, 992 F. Supp. 945, 949 (N.D. Ohio 1998).  The party seeking the fees bears the initial burden of proving that the requested fees are reasonable. *B-Right Trucking Company v. Interstate Plaza Consulting*, 154 Ohio App.3d 545, 560 (Ohio Ct. App., Mahoning County 2003).  Factors to be considered as guidelines in determining the reasonableness of a fee are as follows:

> the time and labor required, the novelty or difficulty of the question involved, and the skills required to perform the legal services properly; the attorney's inability to accept other cases; the fee customarily charged in the locality for similar services; the amount involved and the results obtained; the time limitations imposed by the client of the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers; and whether the fee is fixed or contingent.

*Id.* at 561.  *See Madorsky,* 992 F. Supp. at 949; *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145 (1991).

In a contract case, such as this, the Court starts out with the number of claimed hours multiplied by the desired hourly rate.  *Bi-Right*, 154 Ohio App.3d at 561. *See Bittner*, 58 Ohio St.3d at 145-146.  The Court then considers the factors mentioned above to determine if it wishes to deviate upwards or downwards.  *Bittner*, 58 Ohio St.3d at 145-146.  Applying this standard, the Court finds that the amount of fees requested is excessive because the hourly rates are not necessarily reasonable and the number of hours expended was, to some extent, excessive.  Consequently, it will adjust both numbers applying the previously mentioned factors.

First, the Court will address the reasonableness of the hourly rate.  While the affidavits of

2

Ms. Lampke and Ms. Thompson set forth their years of experience and areas of expertise, they fail to offer any evidence as to the reasonableness of their fees or as to the fees customarily charged in the locality for similar services.  Even though defendant failed to challenge the hourly rates billed, the Court will still review them for reasonableness.

With respect to an hourly fee, the documentation provided by plaintiff shows that up to 4 attorneys spent time litigating this case on behalf of plaintiff.  From the Ohio law firm, Monique Lampke billed time at $205 per hour; and James Curphey billed time at $350 per hour.  A third individual, Patrick Lewis, presumably a paralegal or clerk, billed time at $165 per hour. (Docket No. 23, Exh. B).   From her affidavit, as well as the billing sheets, it is clear that Ms. Lampke served as lead co-counsel.  As for the Florida attorneys, their billing sheets do not designate hours expended by attorney's name but, rather, by a number designation.  According to these billing sheets, "Attorney 2" billed time at $350 per hour and "Attorney 15" billed time at $300 per hour.  (Docket No. 23, Exh. D).

The affidavits further demonstrate that Ms. Lampke has been practicing law for nine years, and that her practice is restricted to litigation. (Docket No. 23, Exh. A).  In her affidavit, Ms. Thompson indicates that she has been practicing law for fourteen years.  No information is given as to the expertise or years of service of James Curphey or Michael Ullman, the first attorney identified on the pleadings as Florida counsel.

With the exception of the hourly rate charged by Ms. Lampke, the Court finds that the hourly rates are excessive.  There were no issues involved in this contract matter that would have required a specialty attorney at rates of either $300 or $350 per hour.  *See Bi-Right Trucking*

3

*Company*, 154 Ohio App.3d at 565. As for time limitations, there is no indication that the client or the circumstances made the attorneys from either firm pressed for time. Nor did the time expended by the attorneys seem likely to have prevented them from accepting other cases. Indeed, only Ms. Lampke attended the status conferences in this matter. Based on the foregoing, the court finds that the rate charged by Ms. Lampke, $205 per hour, is a reasonable hourly rate for all of the legal work performed by plaintiff's attorneys. *See eg., Bi-Right Trucking Company*, 154 Ohio App.3d at 564 ($190 per hour was a reasonable hourly rate for litigation in a contract claim).

Next, the Court will examine the number of hours billed by plaintiff's attorneys. Defendant contends that documentation provided by plaintiff demonstrates that counsel engaged in double billing "for phone conversations, preparation and review of correspondence, and preparation and review of the same materials." (Docket No. 24, brief at 1). Rather than set forth with particularity each instance of alleged double billing, defendant simply notes, by way of example, that attorneys in Florida and Ohio billed time for preparation of the complaint.[1] Defendant also points out that the attorneys participated in over 40 telephone conversations between the two firms and charged expenses for copying costs for documents sent back and forth.

The fact that Florida counsel consulted with local counsel does not, in and of itself,

---

[1] In the Court's Order, defendant was instructed to "provide a detailed, specific explanation of why a particular item of services rendered was not reasonably expended. The explanation must include a comprehensive presentation of all factual grounds and legal analysis in a non-conclusory fashion." (Docket No. 22).

4

demonstrate double billing.  "Time spent by counsel discussing the case is properly compensable, and the mere fact that attorneys confer with one another does not automatically constitute duplication of efforts." *Sigley v. Kuhn*, 2000 U.S. App. LEXIS 1465 (6th Cir Ohio Jan. 31, 2000). *See Glover v. Johnson*, 138 F.3d 229, 2522 (6th Cir. 1998).  Moreover, defendant has offered no support for its contention that Florida counsel's effort to obtain *pro hac vice* admission to this Court is not compensable.

Nonetheless, a review of the billing sheets, including those entries related to the preparation of the complaint, demonstrate that some duplicative efforts were made and billed by plaintiff's counsel.  Because it is not possible for the Court to examine each entry and determine the extent of the duplication, the Court is opting for an alternative approach.  Instead, the court shall deduct a flat rate of ten percent (10%) from the number of hours expended to account for the duplication. *See Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624, 636-637 (6th Cir. 1979) ("In complicated cases, involving many lawyers, we have approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services.  Such an approach seems preferable to an attempt to pick out, here and there, the hours which were duplicative.") *See eg.*, *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997), *overruled, in part, on unrelated grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (twenty-five percent reduction approved based on "duplication of efforts in trial, trial preparation, and the pre-trial conference"); and *Kentucky Restaurant Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415 (6th Cir. 2004) (ten percent reduction approved as a "modest" and appropriate effort to eliminate duplication between

5

multiple attorneys).  Consequently, the Court rules that a ten percent (10%) reduction of hours and costs is appropriate.

Applying the reasonable hourly rate of $205 to the adjusted number of hours expended by plaintiff's counsel, the Court concludes that plaintiff is entitled to recover $16,208.33 in attorney fees and $2,363.93 in costs.[2]

## B. PREJUDGMENT INTEREST

It is plaintiff's position that because the agreements that underlie this dispute are valid under California law, California law must govern the determination of prejudgment interest. Applying California law, Cal. Civ. Code § 3289(a)-(b), plaintiff advocates that the .2% rate of interest provided for in the contracts should apply.  Using this rate, plaintiff fixes interest at $69,208.74.

Defendant challenges the application of California law and the use of the .2% interest rate from the contracts.  Defendant suggests that Ohio statutory law should apply, and that the Court should, therefore, use the federal rate of interest as of the time of the filing of the complaint in its computation.  Defendant cites *Muglia v. Kaumagraph Corporation*, 64 F.3d 663 (6th Cir. 1995) in support of its position.

It is true that the court in *Muglia* applied the rate set forth in the forum's prejudgment

---

[2]Plaintiff's records indicate that local counsel expended 59.75 hours in connection with this litigation, while Florida counsel expended 28.1 hours, for a combined total of 87.85 hours. (Docket No. 23, Exh. A, B, and C).  A ten percent (10%) reduction amounts to 79.065 hours. Those same records indicate that local counsel incurred $1,581.98 in costs, while Florida counsel incurred $1044.61 in costs, for a combined total of $2,626.59.  A ten percent (10%) reduction amounts to $2363.93.

interest statute in computing interest in its breach of contract case. *Id.* Indeed, the Court agrees

with defendant that Ohio law applies to the determination of prejudgment interest. *See Sterling*

*v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1213 (6th Cir. 1988) ("In a diversity case, the court is

bound by the law on prejudgment interest of the state in which the suit was brought"). The

Court does not agree, however, that under Ohio law it must disregard the plain terms of the

contracts and apply the federal interest rate at the time of the execution of the contracts.

"Ohio law provides for a statutory prejudgment interest rate 'unless a written contract

provides a different rate of interest in relation to the money that becomes due and payable, in

which case the creditor is entitled to interest at the rate provided in the contract.'" *Scotts Co. v.*

*Garden & Pet Co.*, 403 F.3d 781, 790 (6th Cir. 2005), *citing* Ohio Rev. Code § 1343.03(a).

Unlike the contract in Muglia, the contracts before this Court specify a particular rate of interest.

According to § 1343.03(a), plaintiff is entitled to the application of this rate of interest.

Consequently, the computation of prejudgment interest is the same under both Ohio and

California law. Plaintiff is entitled to prejudgment interest at a rate of .2% per day, which

computes to $69,208.74.

Based upon the foregoing, the Court hereby awards plaintiff $16,208.33 in attorney fees,

$2,363.93 in costs, and $69,208.74 in prejudgment interest. Plaintiff is also entitled to

postjudgment interest at the federal statutory interest rate pursuant to 28 U.S.C. § 1961.

7

IT IS SO ORDERED.


  September 29, 2006                          __s/John R. Adams_____
Date                                         John R. Adams
                                             U.S. District Court Judge